**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, : | |
|  : Plaintiff,  : | Civil Action No. 07-3689 (MLC) |
|  v.  : | **O P I N I O N** |
| LEON KING II, ESQ., et al.,  : | |
|  : Defendants.  : | FILED<br>MAR 31 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, Pro Se, #684439
5645 Coral Ridge Drive, Philadelphia, PA 19136

Daren B. Waite, Esq.
Philadelphia District Attorney's Office
Three South Penn Square, 13th Floor, Philadelphia, PA 19107
Attorney for Lynne Abraham and Philadelphia District
Attorney's Office

**COOPER, District Judge, Sitting by Designation**

Plaintiff, Sollog Immanuel Adonai-Adoni, currently incarcerated in Philadelphia, Pennsylvania, has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Lynne Abraham and the Philadelphia District Attorney's Office ("PDAO"), amongst others, have violated his constitutional rights.

Defendants Abraham and PDAO have moved to dismiss (docket entry 21). The motion will be granted.

**BACKGROUND**

Plaintiff alleges facts indicating that on September 6, 2005, he was beaten by prison guards, resulting in a "possible broken rib," a torn rotator cuff, and cracked teeth. (Compl., ¶¶

19, 20). Plaintiff alleges that the assault was in retaliation for Plaintiff being a "snitch", because on the day of the assault, Plaintiff had informed one "Major Butler" that the officer (who was the "primary guard assaulting the Plaintiff") had thrown Plaintiff's food down on his cell floor and had made vulgar comments to Plaintiff. (Compl., ¶¶ 14, 17, 18).

Plaintiff notes that a "false write-up was made on the Plaintiff resulting in approximately ten days in the 'hole.' The write-up was dismissed since the beating was in retaliation for grievances filed on the guards by the Plaintiff before the beating occurred. A false criminal case was also filed where the Plaintiff was charged with 'assault' on the guards who beat him! Said case was discharged!" (Compl., ¶ 21).

The complaint alleges that defendants Abraham and PDAO "filed a false case of assault against the Plaintiff, when in fact he was the victim of a religious hate crime, an assault over his religious beliefs." (Compl., ¶¶ 9, 10).

Plaintiff states that:

> The filing of a false criminal matter upon the Plaintiff by defendant Lynne Abraham through the defendant District Attorney's Office of the City of Philadelphia was a conspiracy to which defendants Leon King[,] the Commissioner of P.P.S.[,] and Major Butler conspired in to silence the Plaintiff's threats of a legal action over the vicious beating he received shortly after he complained directly to Major Butler of religious harassment by various P.P.S. guards.

(Compl., ¶ 22). Plaintiff asks for monetary relief.

2

## DISCUSSION

### A. Standard of Review

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). However, the Court need not credit bald assertions or legal conclusions alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)". Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426. But if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material

pertinent to such a motion under Rule 56. See Fed.R.Civ.P. 12(b). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Angstadt v. Midd-West Sch. Dis., 377 F.3d 338, 342 (3d Cir. 2004).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Claims Against Defendant Abraham**

Defendant Lynne Abraham is a district attorney for the PDAO. She is accused of filing false charges against Plaintiff.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution"

4

is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see Burns v. Reed, 500 U.S. 478, 490 n.6 (1991) (noting "there is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries"). A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as advocate, and is not entitled to absolute immunity, when holding press conference or fabricating evidence).

The allegations here of wrongful conduct include only actions taken by the District Attorney that were within the scope of her duties as advocate for the state, to wit, filing charges.

5

Whether those charges were motivated by bad faith does not interfere with the District Attorney's immunity. See Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992). In Kulwicki, the Court of Appeals for the Third Circuit explained:

> The decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred. Harm to a falsely-charged defendant is remedied by safeguards built into the judicial system – probable cause hearings, dismissal of the charges – and into the state codes of professional responsibility.

Kulwicki, 969 F.3d at 1463-64 (internal citations omitted). As predicted in Kulwicki, the charges filed against Plaintiff were dropped. (Compl., ¶ 21).

Accordingly, the motion to dismiss this defendant will be granted, as this defendant is entitled to absolute immunity for her actions.

### D. Claims Against Defendant PDAO

Plaintiff's claims against the PDAO must also be dismissed, as the PDAO is not an entity for purposes of § 1983 liability. See Atkinson v. City of Philadelphia, 2000 WL 295106 at *2 (E.D. Pa. Mar. 20, 2000) (suits brought against department of City of Philadelphia "must be brought in the name of the City of Philadelphia"); Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (Bucks County District Attorney's Office not a separate entity for suit under § 1983). Therefore, the motion to dismiss filed by this defendant must be granted.

6

## CONCLUSION

For the foregoing reasons, defendants Abraham and PDAO's motion to dismiss (docket entry 21), will be granted. Defendants Abraham and PDAO will be dismissed from this action.

An appropriate Order accompanies this Opinion.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge
United States District Court
District of New Jersey
Sitting by Designation

Dated: March 31, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                              :
SOLLOG IMMANUEL ADONAI-ADONI, :
                              :   Civil Action No. 07-3689 (MLC)
            Plaintiff,        :
                              :
      v.                      :        O R D E R
                              :
LEON KING II, ESQ., et al.,   :
                              :
            Defendants.       :
_____:
```

FILED
MAR 31 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

For the reasons set forth in this Court's Opinion, dated March 31, 2009,

**IT IS THEREFORE** on this     31st     day of March, 2009;

**ORDERED** that defendants Abraham and Philadelphia District Attorney's Office's motion to dismiss (docket entry 21), is **GRANTED**; and it is further

**ORDERED** that the complaint insofar as it is asserted against defendants Abraham and Philadelphia District Attorney's Office is **DISMISSED** with prejudice.

              s/ Mary L. Cooper
              **MARY L. COOPER**
              United States District Judge
              United States District Court
              District of New Jersey
              Sitting by Designation