**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SOLLOG IMMANUEL ADONAI-ADONI,

        Plaintiff,

v.

LEON KING II, ESQ., et al.,

        Defendants.

Civil Action No. 07-3689 (MLC)

**O P I N I O N**

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, Pro Se, #684439

Armando Brigandi, Esq.
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor, Philadelphia, PA 19103
Attorney for Defendants King, Butler, Tabita, Philadelphia Prison System ("PPS"), and City of Philadelphia

**COOPER, District Judge, Sitting by Designation**

Plaintiff, Sollog Immanuel Adonai-Adoni, who is currently incarcerated, has filed a complaint under 42 U.S.C. § 1983, alleging that defendants King, Butler, Tabita, PPS, and City of Philadelphia, among others, have violated his constitutional rights.

Plaintiff has moved for summary judgment and to strike defendants' answer (docket entry 33). This motion is decided without oral argument. See Fed.R.Civ.P. 78. This motion for summary judgment and to strike the answer will be denied.

**BACKGROUND**

Plaintiff alleges that on September 6, 2005, he was beaten by prison guards, resulting in a "possible broken rib," a torn rotator cuff, and cracked teeth. (Compl., ¶¶ 19, 20). Plaintiff alleges that the assault was in retaliation for Plaintiff being a "snitch", because on the day of the assault, Plaintiff had informed one "Major Butler" that the officer (who was the "primary guard assaulting the Plaintiff") had thrown Plaintiff's food down on his cell floor and had made vulgar comments to Plaintiff. (Compl., ¶¶ 14, 17, 18).

Plaintiff notes that a "false write-up was made on the Plaintiff resulting in approximately ten days in the 'hole.' The write-up was dismissed since the beating was in retaliation for grievances filed on the guards by the Plaintiff before the beating occurred. A false criminal case was also filed where the Plaintiff was charged with 'assault' on the guards who beat him! Said case was discharged!" (Compl., ¶ 21).

Plaintiff alleges that defendant Tabita was the officer who threw his frozen kosher meal onto the floor of his cell and made rude comments. A grievance was filed and not responded to by PPS. (Compl., ¶ 14). Plaintiff also informed defendant Major Butler of the incident. (Compl., ¶ 17). Plaintiff alleges that defendant Tabita threatened to beat him over the pod's intercom, and that shortly thereafter, defendant Tabita did assault him.

2

(Compl., ¶ 18). Plaintiff filed another grievance which was not resolved. (Compl., ¶ 19).

In this motion for summary judgment and to strike these defendants' answer(s), Plaintiff submits that the answer is not sworn, and is "perjurious" in that it misleads the court and defames Plaintiff (Motion, ¶ 5). He states that these defendants have "merely made denials in which they defame the Plaintiff by stating his sworn to averments made under penalty of perjury are 'untrue, inaccurate and misleading!'" (Motion, ¶ 6). Plaintiff argues that because he "swore to" the claims in the complaint the facts in the complaint are truthful. (Motion, ¶ 8). He states that this constitutes "legal grounds for the Court to grant the Plaintiff's motion for summary judgement." (Motion, ¶ 10).

## DISCUSSION

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Plaintiff's motion to strike is governed by Fed.R.Civ.P. 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act on its own or on motion made by a party. Fed.R.Civ.P. 12(f).

As demonstrated above, there are clearly genuine issues of material fact in this case that preclude summary judgment in Plaintiff's favor. Defendants King, Butler, Tabita, Philadelphia Prison System, and the City of Philadelphia dispute Plaintiff's allegations of wrongdoing and constitutional violations in their Answers (docket entries 23, 25). There has been no discovery to date that can prove the lack of any genuine issue of material fact, and Plaintiff fails to set forth any dispositive facts that have been admitted by defendants. The fact that Plaintiff made sworn statements in his complaint, which defendants dispute, does not support Plaintiff's motion for summary judgment.

As to the motion to strike, Plaintiff has not demonstrated that the answer includes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Therefore, Plaintiff is not entitled to summary judgment, or relief on the motion to strike, and these motions will be denied accordingly.

**CONCLUSION**

This Court concludes that Plaintiff's motion for summary judgment and motion to strike should be denied. The Court will issue an appropriate Order.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge
                                       United States District Court
                                       District of New Jersey
                                       Sitting by Designation

Dated:  March 31, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, : | |
| Plaintiff, : | Civil Action No. 07-3689 (MLC) |
| : | |
| v. : | O R D E R |
| : | |
| LEON KING II, ESQ., et al., : | |
| Defendants. : | |

For the reasons set forth in this Court's Opinion, dated March 31, 2009;

**IT IS THEREFORE** on this      31st      day of March, 2009;

**ORDERED** that Plaintiff's motion for summary judgment and to strike the answer (docket entry 33) is **DENIED**, with prejudice.

                                            s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge
                                      United States District Court
                                      District of New Jersey
                                      Sitting by Designation