**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SOLLOG IMMANUEL ADONAI-ADONI,

   Plaintiff,

  v.

LEON KING II, ESQ., et al.,

   Defendants.

Civil Action No. 07-3689 (MLC)

**O P I N I O N**

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, Pro Se, #684439
5645 Coral Ridge Drive, Coral Springs FL 33076

Alan S. Gold, Esq.
Gold & Robins
261 Old York Road, Suite 526, Jenkintown, PA 19046
Attorney for defendants Prison Health Services, Inc., and Alyn Caulk, M.D.

**COOPER, District Judge, Sitting by Designation**

  Plaintiff, Sollog Immanuel Adonai-Adoni has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Prison Health Services, Inc. ("PHS") and Alyn Caulk, M.D., amongst others, have violated his constitutional rights. P.H.S. and Caulk move to dismiss (docket entry 24). The motion will be granted.

**BACKGROUND**

  Plaintiff alleges that on September 6, 2005, he was beaten by prison guards, resulting in a "possible broken rib," a torn rotator cuff, and cracked teeth. (Compl., ¶¶ 19, 20). Plaintiff states that:

> The Plaintiff has not received proper medical care for his serious injuries from this assault. His teeth are still cracked causing great pain. His shoulder is permanently injured causing intense pain. PHS- Prison Health Services and Dr. Caulk and the dental medical staff of P[hiladelphia] P[rison] S[ystem] have shown deliberate indifference to the pain and suffering the Plaintiff endures over these serious injuries that were not properly treated.

(Compl., ¶ 26).

Plaintiff asks for monetary relief against these defendants.

## DISCUSSION

### A. Standard of Review

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). But the Court need not credit bald assertions or legal conclusions alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)". Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426. But if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56. See Fed.R.Civ.P. 12(b). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Angstadt v. Midd-West Sch. Dis., 377 F.3d 338, 342 (3d Cir. 2004).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress &

Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Claims Against Defendant PHS**

Plaintiff's claim against PHS as the "legal entity that operates the prison health care services," (Compl., ¶ 11) must be dismissed. As noted in the motion to dismiss, Plaintiff does not allege the existence of any policy or custom of PHS that deprived him of his constitutional rights. Liability cannot be based on respondeat superior liability alone. It is well-settled that:

> A private health care provider acting under color of state law, . . . , can be liable under § 1983 for Eighth Amendment violations stemming from inadequate medical treatment of prisoners. Such liability cannot rest on respondeat superior alone, however, but instead must be based on some policy, practice, or custom within the institution that caused the injury. Thus, to survive a motion for summary judgment, a plaintiff must present evidence of a policy, practice, or custom which caused or exacerbated a serious medical need and was instituted with deliberate indifference to the consequences.
>
> For the purposes of § 1983 analysis, a policy is made when a decision-maker with final authority to establish such a policy issues an official proclamation, policy or edict. A custom, on the other hand, "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." As a result, custom can be established by "proof of knowledge and acquiescence." Under the Estelle test, deliberate indifference can be shown in the instant case if there is an established policy or custom that caused [the prison health care provider] to intentionally deny or delay access to necessary medical treatment for non-medical reasons, or if officials intentionally interfered with a course of treatment once prescribed.

4

Johnson v. Stempler, 2007 WL 984454, at *4 (E.D. Pa. Mar. 27, 2007) (internal citations omitted).

Plaintiff here makes no such allegations against PHS, and seeks to sue it only as the entity responsible for providing health care. Therefore, the claims against PHS must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted. See Riddick v. Modeny, 250 Fed.Appx. 482, 483-84 (3d Cir. 2007) (affirming district court's granting of PHS's motion to dismiss under Rule 12(b)(6), where court found "absent any allegation from which the court could infer Prison Health Services's direct involvement in the alleged deprivation of his constitutional rights, it was not liable on a theory of respondeat superior."). Accordingly, the part of the motion seeking to dismiss the claims against PHS will be granted.

### D. Claims Against Defendant Caulk

Plaintiff does not explain Caulk's involvement in his injuries, except to say that Caulk was a "doctor and chief medical officer" who was "responsible for the proper health care of the Plaintiff." (Compl., ¶ 12).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege a serious

5

medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that the medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to the serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with the medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment

do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Therefore, in summary:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate "to undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Similarly, where "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care," the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated "[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."

Lanzaro, 834 F.2d at 346.

Caulk argues that he is being sued only in the capacity of a supervisor, and thus, liability cannot be based solely on the theory of respondeat superior. But plaintiff notes in his complaint that Caulk was a "doctor" responsible for his health care.

However, assuming defendant Caulk did treat Plaintiff, Plaintiff does not allege any facts indicating deliberate indifference by Caulk.  As stated above, Plaintiff contends:

> The Plaintiff has not received proper medical care for his serious injuries from this assault.  His teeth are still cracked causing great pain.  His shoulder is permanently injured causing intense pain.  PHS- Prison Health Services and Dr. Caulk and the dental medical staff of P[hiladelphia] P[rison] S[ystem] have shown deliberate indifference to the pain and suffering the Plaintiff endures over these serious injuries that were not properly treated.

(Compl., ¶ 26).  Plaintiff does not allege facts indicating deliberate indifference — he does not indicate that he was refused treatment or otherwise kept from access to a physician; rather, he notes that he was not "properly" treated, and that he still has pain from the injuries.  Therefore, the part of the motion seeking to dismiss the claims against Caulk will be granted.

## CONCLUSION

For the foregoing reasons, defendants Prison Health Services and Caulk's motion to dismiss (docket entry 24), will be granted.  Defendants PHS and Caulk will be dismissed from this action.  The Court will issue an appropriate Order.

                                             s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge
                                      United States District Court
                                      District of New Jersey
                                      Sitting by Designation

Dated:  March 31, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, | : | |
| | : | Civil Action No. 07-3689 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O R D E R** |
| | : | |
| LEON KING II, ESQ., et al., | : | |
| | : | |
| Defendants. | : | |

For the reasons set forth in this Court's Opinion, dated March 31, 2009;

**IT IS THEREFORE** on this    31st    day of March, 2009;

**ORDERED** that defendants PHS-Prison Health Services, Inc., and Alyn Caulk, M.D.'s motion to dismiss (docket entry 24), is **GRANTED**; and it is further

**ORDERED** that defendants PHS-Prison Health Services, Inc., and Alyn Caulk, M.D. are **DISMISSED** from this action.

                                                     s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge
                                           United States District Court
                                           District of New Jersey
                                           Sitting by Designation