**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> LEON KING II, ESQ., et al., : <br> : <br> Defendants. : | Civil Action No. 07-3689 (MLC) <br><br> **O P I N I O N** |

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, <u>Pro Se</u>, #684439
5645 Coral Ridge Drive, Coral Springs, FL 33076

Daren B. Waite, Esq.
Philadelphia District Attorney's Office
Three South Penn Square, 13th Floor, Philadelphia, PA 19107
Attorney for Lynne Abraham and Philadelphia
District Attorney's Office

**COOPER, District Judge, Sitting by Designation**

Plaintiff, Sollog Immanuel Adonai-Adoni, has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Lynne Abraham and the Philadelphia District Attorney's Office ("PDAO"), among others, have violated his constitutional rights.

Plaintiff has moved for summary judgment (docket entry 31). This motion is decided without oral argument. <u>See</u> Fed.R.Civ.P. 78(b). Abraham and PDAO have opposed the motion (docket entry 37). For reasons discussed below, Plaintiff's motion for summary judgment will be denied.

**BACKGROUND**

Plaintiff alleges that on September 6, 2005, he was beaten by prison guards, resulting in a "possible broken rib," a torn rotator cuff, and cracked teeth. (Compl., ¶¶ 19, 20). Plaintiff alleges that the assault was in retaliation for Plaintiff being a "snitch", because on the day of the assault, Plaintiff had informed one "Major Butler" that the officer (who was the "primary guard assaulting the Plaintiff") had thrown Plaintiff's food down on his cell floor and had made vulgar comments to Plaintiff. (Compl., ¶¶ 14, 17, 18).

Plaintiff notes that a "false write-up was made on the Plaintiff resulting in approximately ten days in the 'hole.' The write-up was dismissed since the beating was in retaliation for grievances filed on the guards by the Plaintiff before the beating occurred. A false criminal case was also filed where the Plaintiff was charged with 'assault' on the guards who beat him! Said case was discharged!" (Compl., ¶ 21).

The complaint alleges that Abraham and PDAO "filed a false case of assault against the Plaintiff, when in fact he was the victim of a religious hate crime, an assault over his religious beliefs." (Compl., ¶¶ 9, 10).

Plaintiff states that:

> The filing of a false criminal matter upon the Plaintiff by defendant Lynne Abraham through the defendant District Attorney's Office of the City of Philadelphia was a conspiracy to which defendants Leon

2

>King[,] the Commissioner of P.P.S.[,] and Major Butler
>conspired in to silence the Plaintiff's threats of a
>legal action over the vicious beating he received
>shortly after he complained directly to Major Butler of
>religious harassment by various P.P.S. guards.

(Compl., ¶ 22).

In this motion for summary judgment, Plaintiff responds to Abraham and PDAO's motion to dismiss, submitting the argument that these defendants are not protected by immunity. Plaintiff argues that defendants have not responded to the claims in his complaint. However, as defendants' response sets forth, defendants were awaiting disposition of their motion to dismiss.[1]

## DISCUSSION

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

As demonstrated above, there are clearly genuine issues of material fact in this case that preclude summary judgment in Plaintiff's favor. Defendants King, Butler, Tabita, Philadelphia Prison System, and the City of Philadelphia dispute Plaintiff's allegations of wrongdoing and constitutional violations in their Answers (docket entries 23, 25). There has been no discovery to

---

[1] This Court has granted Abraham and PDAO's motion to dismiss in a separate order.

3

date that can prove the lack of any genuine issue of material fact, and Plaintiff fails to set forth any dispositive facts that have been admitted by defendants.  Moreover, Abraham and PDAO have filed a motion to dismiss, which this Court has granted, and accordingly, summary judgment against them is moot.  Therefore, Plaintiff is not entitled to summary judgment and his motion will be denied accordingly.

## CONCLUSION

This Court concludes that Plaintiff's motion for summary judgment should be denied as moot against defendants Abraham and PDAO, and because he is unable to demonstrate the absence of a genuine issue of material fact as to his allegations of constitutional violations by defendants.  The Court will issue an appropriate Order.

                                                                               s/ Mary L. Cooper  
                                                                              **MARY L. COOPER**  
                                                                              United States District Judge  
                                                                              United States District Court  
                                                                              District of New Jersey  
                                                                              Sitting by Designation

Dated:  March 31, 2009

```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, : | |
| : | Civil Action No. 07-3689 (MLC) |
| Plaintiff, : | |
| : | |
| v. : | **O R D E R** |
| : | |
| LEON KING II, ESQ., et al., : | |
| : | |
| Defendants. : | |

For the reasons set forth in this Court's Opinion, dated March 31, 2009;

**IT IS THEREFORE** on this 31st day of March, 2009;

**ORDERED** that Plaintiff's motion for summary judgment (docket entry 31) is **DENIED**, with prejudice.

```
                              s/ Mary L. Cooper
                         MARY L. COOPER
                         United States District Judge
                         United States District Court
                         District of New Jersey
                         Sitting by Designation
```