**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI,<br><br>    Plaintiff,<br><br>    v.<br><br>LEON KING II, ESQ., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 07-3689 (MLC)<br><br>**O P I N I O N** |

**THE PRO SE PLAINTIFF**, Sollog Immanuel Adonai-Adoni, who also refers to himself as both "God" and "J. Ennis", commenced this action when he was an inmate at CFCF Prison in Philadelphia. (See dkt. entry no. 10, Compl. at ¶ 3; dkt. entry no. 67, Objections to Report & Recommendation ("Objections") at 7 (listing, under the plaintiff's signature, the aliases "God" and "J. Ennis").)  The plaintiff alleges that several of the defendants violated his First Amendment right to freedom of religion and Eighth Amendment right to be free from cruel and unusual punishment. (See Compl. at ¶¶ 1, 14-18, 21, 26.)[1]

**THE COURT** referred this action to the Magistrate Judge on January 18, 2012 for final disposition of all non-dispositive pretrial matters. (See dkt. entry no. 58, 1-18-12 Order.)  The

---

[1] The plaintiff also alleges in the Complaint that several of the defendants, including former Philadelphia District Attorney Lynne Abraham, engaged in a conspiracy to deprive him of his rights. (See id. at ¶ 22.)

Magistrate Judge has since issued a Report and Recommendation, recommending that the Court dismiss the Complaint for the plaintiff's repeated failure to respond to Court Orders or otherwise communicate with the Court.  (See generally dkt. entry no. 63, Report & Recommendation (weighing factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)).)

**THE PLAINTIFF** objects to the Report and Recommendation. (See generally Objections.)  He alleges that the Court has engaged in a conspiracy to deprive him of his legal rights. (See id. at ¶¶ 9-10, 14, 26-27.)  He also alleges that the Court failed to fulfill its responsibility to timely notify him of Court filings, including the Orders issued by the Magistrate Judge.  (See id. at ¶¶ 1-9, 19-24.)

**THE COURT** has reviewed the Report and Recommendation, the Objections, and the docket in this action.  It appears, despite his extensive litigation history, that the plaintiff failed to make reasonable efforts to monitor the docket in this action. The plaintiff's failings warrant dismissal.

**THE PLAINTIFF** seemingly argues that the Clerk of the Court's refusal or failure to mail copies of Court filings to "Sollog Immanuel Adonai-Adoni a.k.a. J. Ennis" warrants rejection of the Report and Recommendation.  (See id. at ¶¶ 4, 7-9.)  He alleges that this failure prevented him from

2

receiving certain Court Orders and documents.  (See id.)  We have considered the plaintiff's argument, but we find that it lacks merit.[2]  Pro se litigants have an obligation to monitor the docket sheet to inform themselves of the entry of orders and other filings.  See, e.g., United States ex rel. McAllan v. City of New York, 248 F.3d 48, 53 (2d Cir. 2001); see also Abulkhair v. Liberty Mut. Ins. Co., 405 Fed.Appx. 570, 573 n.1 (3d Cir. 2011) (demonstrating that pro se litigants have an obligation to monitor the docket).  The plaintiff apparently failed to monitor the docket for a period of between five and six months, between January of 2012 and June of 2012.

**THE COURT** notes that the plaintiff, a frequent filer in the federal district courts, is familiar with the electronic docketing system employed by federal district courts, i.e., the Case Management and Electronic Case Filing system ("CM/ECF"). The plaintiff has commenced at least sixteen federal actions since 1996, each in the United States District Court for the Eastern District of Pennsylvania.  See, e.g., Adonai-Adoni v.

---

[2] The plaintiff acknowledges that the Clerk of the Court mailed copies of all filings in this action to "Sollog Immanuel Adonai-Adoni" at the address provided by the plaintiff.  (See Objections at ¶¶ 4, 7-9; see also text entries accompanying dkt. entry nos. 73-77 (indicating that each order was mailed to the plaintiff).)  The plaintiff now merely argues that the Clerk erred by failing to address those mailings to an entity other than that named in the caption, i.e., "Sollog Immanuel Adonai-Adoni a.k.a. J. Ennis".  (See Objections at ¶¶ 4, 7-9.)

3

Giorla, E.D. Pa. Dkt. No. 08-2949; Adonai-Adoni v. Pollak, E.D. Pa. Dkt. No. 07-5520; Ennis v. United States, E.D. Pa. Dkt. No. 96-3168.  The plaintiff has acknowledged that he may monitor the docket through CM/ECF, and has demonstrated an ability to do so. (See Objections at ¶¶ 5, 16.)

**THE COURT**, for good cause appearing, will thus enter an appropriate Order and Judgment.

                                  s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge
                                United States District Court
                                District of New Jersey
                                Sitting by Designation

Date:     August 13, 2012